```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


RICHARD RAY MCDONALD,            §
TDCJ-CID NO. 1195657,            §
                                 §
            Petitioner,          §
                                 §
v.                               §   CIVIL ACTION NO. H-08-0709
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
            Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

Richard Ray McDonald, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting a 2003 felony conviction. The court notified McDonald that state court records indicated that his federal habeas petition was filed more than one year after his conviction became final. Having reviewed the petition, available state records, and McDonald's response (Docket Entry No. 7) to the court's Order to show cause, the court finds that McDonald's habeas petition is untimely. Accordingly, this action will be dismissed under the provisions of 28 U.S.C. § 2244(d).

**I.  Procedural History and Claims**

McDonald was charged with burglary of a habitation. After entering a plea of not guilty, McDonald was found guilty by a jury. State v. McDonald, No. 931,759 (177th Dist. Ct., Harris County, Tex., Oct. 2, 2003). McDonald filed an appeal, which was affirmed

by the Court of Appeals for the Fourteenth District of Texas, and his petition for discretionary review (PDR) was subsequently refused on June 8, 2005.  McDonald v. State, No. 14-03-01122-CR, 2004 WL 2812847 (Tex. App. -- Hous. [14th Dist.] Dec. 4, 2004).  No petition for a writ of certiorari was filed.  Docket Entry No. 1 at 3.

On August 16, 2006, McDonald filed a State Application for a Writ of Habeas Corpus with the trial court under Article 11.07 of the Texas Code of Criminal Procedure.[1]  The Application was forwarded to the Texas Court of Criminal Appeals, which denied relief without a written order on April 4, 2007.  Ex parte McDonald, No. 67,233-01.  See Internet Website for the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions/.  The pending federal Petition for a Writ of Habeas Corpus is considered filed on February 26, 2008, the date of McDonald's signature on his original petition.  Docket Entry No. 1 at 9; Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

## II.  One-Year Statute of Limitations

McDonald's habeas petition is subject to the Anti-Terrorism

---

[1] McDonald states in his petition that he filed the State Habeas Application on March 26, 2007.  Docket Entry No. 1 at 3.  However, that is actually the date that the Application was received by the Court of Criminal Appeals.  Docket Entry No. 5 at 4.  The court verified by telephone that the Application was filed with the Harris County District Clerk's Office on August 16, 2006.

and Effective Death Penalty Act (AEDPA) provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding the timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d

-3-

326, 329 (5th Cir. 1999).

As stated above, McDonald's PDR was refused on June 8, 2005, and no further action was taken on direct review. Therefore, the conviction became final on September 6, 2005, the last day he could have filed a petition for a writ of certiorari. SUP. CT. R. 13.1 (West 2005); see also Flanagan, 154 F.3d at 197.

Pursuant to the terms of the AEDPA, McDonald had one year from September 6, 2005, to file a federal habeas petition. Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004), citing 28 U.S.C. § 2244(d)(1)(A). In the alternative, McDonald needed to file a state application for a writ of habeas corpus within the one-year period in order to toll it. Flanagan, 154 F.3d at 199 n.1, citing 28 U.S.C. § 2244(d)(2). McDonald filed his state habeas application on August 16, 2006, 334 days after his conviction became final. The Court of Criminal Appeals denied McDonald's application on April 4, 2007, leaving 31 days, or until Monday, May 7, 2007, to file his federal habeas petition.

McDonald's federal petition for a writ of habeas corpus was filed February 26, 2008, more than nine months after the expiration of the AEDPA one-year period. In his response to the court's Order (Docket Entry No. 5), McDonald asserts that he did not know that his state habeas application had been denied until he wrote to the Court of Criminal Appeals to inquire about the status of the case. He was notified by letter, dated February 12, 2008, that his

application had been denied on April 4, 2007.  Docket Entry No. 5 at 4.  He therefore argues that the appellate court's failure to inform him of the dismissal immediately after the event constituted a state created impediment that prevented him from filing a timely federal habeas petition.  <u>Id.</u> at 4-5, <u>citing</u> [28] U.S.C.A. § 2244[(d)(1)](B).  A state post-conviction proceeding becomes final upon the issuance of a decision by the state's highest court.  <u>See</u> <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000); <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999).  The period between the date the decision is issued and the date the petitioner receives notice of the decision does not toll the limitations period.  <u>Id.</u>  However, there may be instances where the petitioner may be entitled to equitable tolling "'when strict application of the statute of limitations would be inequitable.'" <u>Turner v. Johnson</u>, 177 F.3d 390, 391-92 (5th Cir. 1999), <u>quoting</u> <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998); <u>see</u> <u>also</u> <u>Phillips</u>, 216 F.3d at 511.  However, equitable tolling is used "only in rare and exceptional circumstances."  <u>Turner v. Johnson</u>, 177 F.3d 390, 391-92 (5th Cir. 1999).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  <u>Ott v. Johnson</u>, 192 F.3d 510 (5th Cir 1999).  <u>See</u> <u>also</u> <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002).

Furthermore, a petitioner must show that he pursued habeas

relief with due diligence. Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007); Melancon v. Kaylo, 259 F.3d 401, 407-08 (5th Cir. 2001). The fact that McDonald waited more than fourteen months after his PDR was refused before filing his state habeas application weighs against granting equitable tolling. Melancon, 259 F.3d at 407-08. Further, it is apparent from the records and pleadings that McDonald waited a number of months after he filed his state habeas application before contacting the Court of Criminal Appeals about the status of the application; such dilatoriness does not favor a conclusion that McDonald acted with sufficient diligence to entitle him to equitable tolling. Derouselle v. Cain, No. 06-30734, 2008 WL 2199825, *1 (5th Cir. May 28, 2008), citing Howland, 507 F.3d at 846; Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

Although McDonald did file his federal habeas petition within a few days after being notified by the Court of Criminal Appeals that his state habeas application had been denied, his petition was filed well after the expiration of the one-year limitations period. Therefore, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A). There is no indication that McDonald was subject to any state action that impeded him from filing his petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been

discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Given McDonald's delays in filing and monitoring his state habeas application, this court does not find that he is entitled to equitable tolling. Therefore, this habeas action is subject to dismissal because it is untimely.

### III.  Certificate of Appealability

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley at 263, quoting Slack, 120 S.Ct. at 1604; see

also <u>Hernandez v. Johnson</u>, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a COA, <u>sua sponte</u>, without requiring further briefing or argument.  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that McDonald has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a COA from this decision will not be issued.

## IV.  Conclusion

Accordingly, the court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.  28 U.S.C. § 2244(d).

2. A Certificate of Appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and to the Attorney General by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 2nd day of June, 2008.

```
                                    SIM LAKE
                         UNITED STATES DISTRICT JUDGE
```